IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CARDELL WASHINGTON, | : | PRISONER HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| GREGORY MCLAUGHLIN, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:12-CV-2868-TWT-JFK |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Petitioner challenges via 28 U.S.C. § 2254 his July 24, 2003, Cobb County convictions. The matter is before the Court on the petition, (Doc. No. 1), and on Respondent's answer-response and motion to dismiss, (Doc. Nos. 4, 5).

**I.   Background**

The Cobb County Grand Jury indicted Petitioner for rape, aggravated sodomy, and aggravated assault with attempt to commit rape, criminal action number 02-9-1572-34. (Resp't Ex. 2a at 65-67; Resp't Ex. 2b at 303-04). A Cobb County jury found Petitioner guilty on all counts. (Resp't Ex. 2b at 303-04). On August 7, 2003, the court sentenced Petitioner to a life and a consecutive ten-year term of imprisonment. (Id. at 336-38). On July 3, 2007, the Georgia Court of Appeals affirmed the judgment against Petitioner. Washington v. State, 286 Ga. App. 268, 271,

648 S.E.2d 761, 764 (2007).  The record does not indicate that Petitioner sought further direct review.

On June 17, 2008, Petitioner filed a state habeas corpus petition in the Superior Court of Baldwin County.  (Resp't Ex. 1).  The court originally granted relief, but on reconsideration it vacated the order granting relief and set an additional hearing.  (Resp't Exs. 3, 4).  On March 9, 2011, the court denied Petitioner's state habeas corpus petition.  (Resp't Ex. 6).  On June 18, 2012, the Georgia Supreme Court denied further review.  (Resp't Ex. 7).  On July 5, 2012, Petitioner filed a notice of intent in the Georgia Supreme Court, which stated that he intended to appeal the denial of further review and seek *certiorari* (hereinafter "2012 notice of intent").  (Resp't Ex. 8).

On August 9, 2012, Petitioner filed the federal habeas corpus petition that is now before the Court.[1]  (Doc. No. 1).  Respondent moves that the action be dismissed as untimely because more than 365 days ran untolled between the date that Petitioner's conviction became final and the time he submitted for filing his federal habeas corpus petition.  (Doc. No. 5. Br. at 3-4).  As to Petitioner's 2012 notice of intent, Respondent

---

[1]Generally, a prisoner filing is deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it.  Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

2

states that there is no mechanism whereby Petitioner can appeal to the Georgia Supreme Court the June 18, 2012, Georgia Supreme Court order, that a reasonable inquiry shows that Petitioner has not applied for *certiorari* in the United States Supreme Court, and that the 2012 notice of intent has no tolling effect. (Id. at 4-5).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to a habeas corpus action attacking a state conviction. As stated at 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In addition to the tolling provision in § 2244(d)(2), the one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir.) (quoting Holland v. Florida, _ U.S. _, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted), cert. denied, _ U.S. _, 132 S. Ct. 158 (2011). In addition, actual innocence may provide an "exceedingly narrow" exception to AEDPA's time limitations. Id. at 1268 (quoting Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir.2001)) (internal quotation marks omitted); see also Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) ("[T]he alleged [actual innocence] exception for . . . untimeliness would require the petitioner (1) to present 'new reliable evidence . . . that was not presented at trial,' . . . and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." (citations omitted)), cert. denied, _ U.S. _, 133 S. Ct. 351 (2012).

Petitioner's convictions became final when his time to give notice of intent to petition the Georgia Supreme Court for *certiorari* on direct review expired on July 13, 2007, ten days after his conviction was affirmed by the Georgia Court of Appeals on July 3, 2007. See Ga. Sup. Ct. R. 11, 38. Three-hundred and thirty-nine days of the federal limitations period ran before Petitioner filed his state habeas corpus petition on June 17, 2008, with twenty-six days remaining. The federal limitations period was tolled under § 2244(d)(2) from June 17, 2008, through June 18, 2012, when the Georgia Supreme Court denied further review of Petitioner's state habeas corpus petition.[2] The limitations period then resumed running on June 19, 2012, and expired twenty-six days later on Monday, July 16, 2012. See Fed. R. Civ. P. 26(a)(C). The petition, filed on August 9, 2012, is untimely.

---

[2]Petitioner has not responded to Respondent's argument that the 2012 notice of intent filed in the Georgia Supreme Court has no tolling effect, and the record does not indicate that Petitioner ever filed a notice of appeal or pursued a writ of *certiorari* in any court in regard to the Georgia Supreme Court's June 18, 2012, denial of further collateral review. Further, the federal limitations period cannot be tolled based on a petition to the United States Supreme Court seeking *certiorari* review of a state court's denial of collateral relief. Lawrence v. Florida, 421 F.3d 1221, 1224-25 (11th Cir. 2005). Additionally, the 2012 notice of intent was filed too late to be considered a properly filed motion for reconsideration in the Georgia Supreme Court. See Ga. Sup. Ct. R. 27 (requiring motions for reconsideration to be filed within ten days of the date of the decision for which reconsideration is sought). The 2012 notice of intent does not provide a basis for tolling the limitations period and is not further addressed.

Petitioner has not shown that he is entitled to equitable tolling or the actual innocence exception to the federal limitations period, and it is recommended that Respondent's motion to dismiss be granted.

## II. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows

6

both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because the decisive procedural issue, untimeliness, is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

For the reasons stated above,

It is **RECOMMENDED** that Respondent's motion to dismiss, (Doc. No. 5), be **GRANTED**, that the instant petition for a writ of habeas corpus (Doc. No. 1) be **DISMISSED** as untimely, and that a COA be **DENIED**.

AO 72A (Rev.8/82)

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 25th day of February, 2013.

/s/ Janet F. King
JANET F. KING
UNITED STATES MAGISTRATE JUDGE